UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

NICHOLAS MARVIN GUENTHER,

Plaintiff,

v.

CAUSE NO. 2:25-CV-353-PPS-JEM

TCHAPTCHET, TRISH AZRICH, JULIE
H., PATRICIA F., CHASITY, DEBBIE,
LISA M., and EMBER,

Defendants.

OPINION AND ORDER

Nicholas Marvin Guenther, a prisoner without a lawyer, filed a complaint

alleging he was improperly given Suboxone at the Porter County Jail.[1] ECF 1. "A

document filed *pro se* is to be liberally construed, and a *pro se* complaint, however

inartfully pleaded, must be held to less stringent standards than formal pleadings

drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and

citations omitted). Nevertheless, under 28 U.S.C. § 1915A, I must review the merits of a

prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a

claim upon which relief may be granted, or seeks monetary relief against a defendant

who is immune from such relief.

Guenther was prescribed three 8 mg sublingual Suboxone strips daily by his

personal doctor to treat his opioid addition. As a pretrial detainee at the Porter County

---

[1] The complaint also describes disciplinary proceedings at the jail, but none of the named defendants were involved in those events.

Jail, this was changed to two 8 mg tablets that were crushed and swallowed. He alleges this was dangerous and ineffective because Suboxone must be dissolved under the tongue to work properly. Pretrial detainees are entitled to adequate medical care. *Miranda v. Cnty. of Lake*, 900 F.3d 335, 353-54 (7th Cir. 2018). To establish a violation of this right, a detainee must prove: "(1) there was an objectively serious medical need; (2) the defendant committed a volitional act concerning the [plaintiff's] medical need; (3) that act was objectively unreasonable under the circumstances in terms of responding to the [plaintiff's]s medical need; and (4) the defendant act[ed] purposefully, knowingly, or perhaps even recklessly with respect to the risk of harm." *Gonzalez v. McHenry Cnty., Illinois*, 40 F.4th 824, 828 (7th Cir. 2022) (citation and internal quotation marks omitted). It is not enough for the plaintiff to establish "negligence or gross negligence." *Miranda*, 900 F.3d at 353-54. A "mere disagreement between a prisoner and his doctor, or even between two medical professionals, about the proper course of treatment generally is insufficient, by itself, to establish an Eighth Amendment violation." *Lockett v. Bonson*, 937 F.3d 1016, 1024 (7th Cir. 2019) (cleaned up).

Guenther sues Dr. Tchaptchet, a medical administrator, and six nurses. Though the nurses dispensed the Suboxone to him, it is not plausible to infer that they prescribed the medication or could have changed it – so too for the medical administrator. Only Dr. Tchaptchet had the authority to prescribe medication. It is unclear whether Dr. Tchaptchet wrote the prescription for crushed Suboxone, whether he refused to change the prescription when notified of Guenther's concerns, or if

providing crushed Suboxone was unreasonable under the circumstances, but it is plausible to infer that this complaint alleges all those things and so I will grant him leave to proceed against this physician for violating his Fourteenth Amendment rights.

Guenther is not proceeding in forma pauperis. Therefore, the court will not serve Dr. Tchaptchet under 28 U.S.C. § 1915(d). Rather, it is Guenther's obligation to serve him with a copy of the complaint and this screening order in accordance with Federal Rule of Civil Procedure 4.

For these reasons, the court:

(1) GRANTS Nicholas Marvin Guenther leave to proceed against Dr. Tchaptchet in his individual capacity for compensatory and punitive damages for prescribing crushed Suboxone in violation of the Fourteenth Amendment;

(2) DISMISSES all other claims;

(3) DISMISSES Trish Azrich, Julie H., Patricia F., Chasity, Debbie, Lisa M., and Ember;

(4) DIRECTS the clerk to sign and seal summons for Dr. Tchaptchet and send them to Nicholas Marvin Guenther with an extra copy of this order;

(5) GRANTS Nicholas Marvin Guenther until **July 31, 2026**, to serve Dr. Tchaptchet as required by Federal Rule of Civil Procedure 4;

(6) CAUTIONS Nicholas Marvin Guenther this case may be dismissed under Federal Rule of Civil Procedure 4(m) if he has not completed service by the deadline; and

(7) ORDERS, under 42 U.S.C. § 1997e(g)(2), Dr. Tchaptchet to respond, as

provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-

1(b), only to the claim for which the plaintiff has been granted leave to

proceed in this screening order.

ENTERED: April 24, 2026.

 /s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT

4